UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

PHILIP T. KNIGHT, JR.,

     Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,
MERITAGE MORTGAGE LOAN TRUST 2005-3,
DEUTSCHE BANK NATIONAL TRUST COMPANY,
and MORTGAGE ELECTRONIC REGISTRATION SYSTEM,

     Defendants.

Case No.
Hon.

Oakland County Circuit Court
Case No. 12-129651-CK
Hon. Phyllis C. McMillen

---

| Richard E. Rosenberg (P33903) | HERTZ SCHRAM PC |
|---|---|
| Attorney for Plaintiff | Deborah S. Lapin (P59027) |
| 23647 Woodward Avenue, Suite 4 | Attorney for Defendants |
| Pleasant Ridge, MI 48069 | 1760 S. Telegraph Road, Suite 300 |
| (248) 584-4700 | Bloomfield Hills, MI 48302 |
| | (248) 335-5000 |

LAW OFFICES HERTZ SCHRAM PC

## NOTICE OF REMOVAL

     Defendants, Ocwen Loan Servicing LLC. ("Ocwen"), Meritage Mortgage Loan Trust 2005-3, erroneously named in its individual capacity, the correct party being Deutsche Bank National Trust Company, solely and expressly in its capacity as Trustee for the Meritage Loan Trust 2005-3 ("DBNTC"), Deutsche Bank National Trust, erroneously named in its individual capacity the correct party being Deutsche Bank National Trust Company, solely and expressly in its capacity as Trustee for the Meritage Loan Trust 2005-3, and Mortgage Electronic Registration Systems ("MERS") (collectively "Defendants") by and through their attorneys, Hertz Schram PC, and file this Notice of Removal of this action from the Oakland County Circuit Court of Michigan, Case No. 2012-131330-CK, where it is currently pending, to the United States District Court for the Eastern District of Michigan. As grounds for the removal of this action, Defendants state as follows:

I.    **INTRODUCTION**

1.      This action was commenced against Defendants in the Oakland County Circuit Court.  The Summons was executed by Richard Rosenberg on or about December 26, 2012 bearing Case No. 2012-131330-CK.  A true and correct copy of all processes, pleadings and orders in Defendants possession in this action to date are attached as **Exhibit 1**.

2.      Removal of this case is timely as this notice is filed within thirty (30) days after service of the Summons and Complaint on Defendants. See 28 U.S.C. §1446(b).

3.      As counsel for Defendants represents all removing Defendants in the matter, no additional consent is necessary for the removal.

II.    **JURISDICTION**

4.      This is a civil action over which this Court has original jurisdiction pursuant to diversity jurisdiction under 28 U.S.C. §1332.

5.      Defendants deny each and every substantive allegation made by Plaintiff. However, because Plaintiff and Defendants are diverse and the amount in controversy exceeds $750,000, this Court possesses jurisdiction over this matter pursuant to 28 U.S.C. §1332.

A.    **DIVERSITY JURISDICTION**

6.      Removal of this Action is proper under 28 U.S.C. §1332.

7.      Upon information and belief Plaintiff is a resident of Michigan who resides in the real property at issue in the suit. **Exhibit 1** – Complaint (titled as "For Temporary Restraining Order and Injunction to Set Aside the Foreclosure by Advertisement Set Aside the Sheriff's Sale Breach of Contract Fraud and Misrepresentation Unjust Enrichment Civil Conspiracy and Jury Demand," ¶1).

8.      Ocwen is a limited liability company and is a citizen of Florida.  For diversity purposes, "several district courts within the Fifth Circuit have determined the citizenship of a

2

limited liability company by looking to the citizenship of its members." *Blanchard v. Wal-Mart Stores Tex.*, LP, 368 F. Supp. 2d 621, 625 (E.D. Tex. 2005) (explaining that the consensus of federal appellate courts is to determine the citizenship of limited liability companies based on the citizenship of its members).   The sole member of Ocwen is Ocwen Financial Corporation, which is a citizen of Florida.

9.     DBNTC is a national banking association organized under the laws of the United States to carry on the business of a limited purpose trust company.   DBNTC is a wholly owned subsidiary of Deutsche Bank Holdings, Inc. which is a wholly owned subsidiary of Deutsche Bank AG, a banking corporation organized under the laws of the Federal Republic of Germany.   No publically held company owns 10% or more if Deutsche Bank AG's stock. DBNTC's main office located in Los Angeles, California and its principle office of trust administration in Santa Ana, California.   For diversity purposes, DBNTC is a citizen of California  See *Wachovia Bank v. Schmidt*, 546 U.S. 303,307; 126 S.Ct. 941; 163 L.E.2d 797 (2006).

10.     Meritage Mortgage Loan Trust 2005-3, erroneously named in its individual capacity, the correct party being Deutsche Bank National Trust Company, solely and expressly in its capacity as Trustee for the Meritage Loan Trust 2005-3.   As such, the residency of the trust would flow through the Trustee as described in paragraph 9 above.

11.     MERS is a Delaware corporation with their principal place of business in Virginia.

12.     Therefore, complete diversity exists between Plaintiff and Defendants.   See 28 U.S.C. §1332(a)(1).

13.     The amount in controversy exceeds $75,000 exclusive of interests and costs because the mortgage loan in question was in the amount of $169,000.00, at the time of

LAW OFFICES HERTZ SCHRAM PC

foreclosure the amount due and owing was in excess of that amount, and the property sold at foreclosure sale for $180,100.54. It is clear that as part of the relief sought Plaintiff seeks to block collection of Plaintiff's mortgage loan despite Plaintiff's default of the loan.

14. In light of the foregoing, the amount in controversy requirement is satisfied. See 28 U.S.C. §1332(a).

15. As a result, this Court has diversity jurisdiction over the action pursuant to 28 U.S.C. §1332 because there is complete diversity between the parties and the amount in controversy requirement is satisfied.

**III. VENUE**

24. Venue for removal is proper in this district and division under 28 U.S.C. §1441(a) because this district and division embrace the Oakland County Circuit Court, Michigan, the forum in which the removed action was pending.

**IV. CONCLUSION & NOTICE**

25. A true and correct copy of this Notice of Removal has been filed with the Oakland County Circuit Court of Michigan, and served upon all parties of record. **Exhibit 2**.

26. Defendants respectfully request the opportunity to fully brief and argue before this Court any issues or questions concerning the removal of this case in the event that remand is sought by plaintiff or otherwise visited by this Court.

WHEREFORE, Defendants request that the above referenced case now pending in the Oakland County Circuit Court be removed to the United States District Court for the Eastern District of Michigan.

LAW OFFICES HERTZ SCHRAM PC

4

Respectfully Submitted,

HERTZ SCHRAM PC

/s/ Deborah S. Lapin
Deborah S. Lapin (P59027)
Attorney for Defendants
1760 S. Telegraph Road, Suite 300
Bloomfield Hill, MI 48302
P: (248) 335-5000
dlapin@hertzschram.com

Dated: January 25, 2013

LAW OFFICES HERTZ SCHRAM PC

# EXHIBIT

# 1

This case has been designated as an eFiling case. To review a copy of the
Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/efiling.

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

Philip T. Knight, Jr., Plaintiff

Case No 2012-131330-CK

vs.

Hon.    JUDGE MCMILLEN

Ocwen Loan Servicing, L.L.C. (OCWEN), Meritage Mortgage Loan Trust 2005-3 (Meritage),
Deutsche Bank National Trust Company (Deutsche Bank), and Mortgage Electronic Registration
System (MERS), foreign Corporations

Defendant

RICHARD E. ROSENBERG (P33903)
Attorney for Plaintiff .
23647 Woodward Ave. Ste 4
Pleasant Ridge, MI 48069
(248) 584-4700; FAX (248) 336-8933

A civil action between these parties or other parties arising out of the transaction or occurrence alleged in
the complaint has been previously filed in Oakland County Circuit Court and dismissed because no
summons was issued or served on any party.

### FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION
### TO SET ASIDE THE FORECLOSURE BY ADVERTISEMENT
### SET ASIDE THE SHERIFF'S SALE
### BREACH OF CONTRACT
### FRAUD AND MISREPRESENTATION.
### UNJUST ENRICHMENT
### CIVIL CONSPIRACY

### AND JURY DEMAND

1. Plaintiff is the owner of property located at 435 Grove, Clawson, Michigan.

2. Plaintiff had purchased that home in October 2005, for $169,000.

3. In 2008 the loan securing this mortgage was restructured with defendant Ocwen Loan

   Servicing, L.L.C. ((herein after OCWEN).

4. Plaintiff had been making mortgage payments on a regular basis for about two years until

   about the end of 2010 or early 2011, when he attempted to obtain a home modification

   under HAMP, Home Affordable Mortgage Program.

Page 1 of 11

Received for Filing Oakland County Clerk 2012 DEC 26 PM 12:06

Received for Filing Oakland County Clerk 2012 DEC 26 PM 12:06

5. At that time he spoke with a representative of OCWEN, and these calls are recorded by OCWEN, and he was told that he needed to be at least three months in arrears in the payment of his mortgage to be eligible for the HAMP relief, and that he should stop making payments.

6. Plaintiff stopped paying on the basis of that advice. He received from defendant a package of materials which he was to fill out and which was necessary for the processing of his loan modification application.

7. Plaintiff did in fact fill out that information request, and made his application.

8. From that date forward defendant was required over the next two years to fill out these same forms repeatedly, at least three or more times, and on each iteration of that process he was again told to withhold mortgage payments until the final decision was by defendant on plaintiff's application. He was also assured by defendant through its representatives that as long as the application process continued the defendant would not begin or proceeded with any foreclosure proceedings.

9. Defendant reasonably relied on the advices and statements given him by defendant OCWEN.

10. That advice was false, misleading, knowingly given by defendant knowing it to be false and misleading, and intended to mislead plaintiff.

11. Plaintiff was in fact mislead.

12. Defendant has despite the claim that it would not foreclose on plaintiff has done just that and a sheriff's sale of plaintiff's home has occurred.

13. Plaintiff has been injured by defendant's actions and fraudulent, false and misleading representations.

8A6A80A43B8FC506013BD82E807D0082.ORG.DOC

Received for Filing Oakland County Clerk 2012 DEC 26 PM 12:06

14. Plaintiff, as a result of the actions of defendant, instead of having modest monthly mortgage payments, was confronted with a acceleration of the entire mortgage amount, which was both impossible for plaintiff to pay, and defeated the entire purpose of any mortgage loan, a result with allowed defendant to obtain sheriff's title to the plaintiff's home which they otherwise would not have been able to obtain.

15. On Thursday, September 27, 2012 the redemption period will expire.

16. This action is brought pursuant to MCL 600.2932. The action is equitable in nature.

17. The dispute between the parties is land located in Oakland, and venue is proper pursuant to MCL 600.1605(a).

18. Philip T. Knight, Jr.,, is a resident of the State of Michigan, whose address is 435 Grove, Clawson, Michigan.

19. The subject of this complaint is property owned by plaintiff, located in Oakland County, whose address is 435 Grove, Clawson, Michigan. Hereinafter known as The Disputed Property.

20. Defendant OCWEN is a foreign Corporation, whose registered agent is CSC Lawyers Incorporating Service, 601 Abbot Road, East Lansing Michigan.

21. On or about March 27, 2012 a Sheriff's sale was held in Oakland County and the Disputed property was sold to Deutsche Bank National Trust Co. (herein after Deutsche Bank) as trustee for Meritage Mortgage Loan Trust 2005-3 (herein after Meritage) whose address is 1661 Worthington Rd. Suite 100, West Palm Beach, FL 33409.

22. The appearance is given that entities which are independent and unconnected with OCWEN, when in fact OCWEN, Meritage and Deutsche Bank are, upon information and belief, connected business entities.

8A6A80A43B8FC506013BD82E807D0082.ORG.DOC

Received for Filing Oakland County Clerk 2012 DEC 26 PM 12:06

23. The effect of the Sheriff's sale to Deutsche Bank is by a series of interconnected financial arrangements a sale in which agents and subagents of OCWEN have been enriched by the brief of contract, and fraud and misrepresentations of OCWEN have injured plaintiff by the wrongful foreclosure sale of his property.

24. The breach of contract, the misrepresentation and fraud perpetrated on plaintiff, and the foreclosure sale of his property to Meritage through the agency of Deutsche Bank was a coordinated set of transactions between the defendants.

25. Mortgage Electronic Registration System (MERS) cooperated in an elaborate scheme to enable the conversion of mortgages into mortgage backed securities, many of which were secured by inducing persons known to be unable or very likely to be unable to pay their debts, but by the inclusion of these effectively worthless contracts, enabled profits based on manipulation of securitized mortgages. This practice devalued all the properties of the nation, even those which had been maintained and paid and were current. In addition to this direct effect on property values such as and including that of plaintiff. All the defendants knowingly participated, aided abetted, colluded, and cooperated in these practices.

26. Such action constituted a civil conspiracy among the defendants.

27. The amount in controversy exceeds $25,000.00.

QUIET TITLE.
FACTUAL BACKGROUND

28. Plaintiff restates and adopts here as though fully set word for word and paragraph by paragraph every preceding allegation.

29.

Plaintiff owns certain in the following described property

Page 4 of 11

located in the City of Clawson, Oakland County, State of Michigan, described as:
Lot 79, except the (East 100 feet, Parkland Subdivision, as recorded in Liber 12,
Page 32 of Plats, Oakland
County Records.
Commonly known as: 435 Grove, Clawson, MI 48017

Herein after known as the Disputed Property.

Tax ID No. 63-16-25-03-127-023

30. Thereafter on or about March 27, 2012 a sheriff's sale occurred in connection with the disputed property.

31. The foreclosure was conducted by Advertisement pursuant to Michigan statute.

<u>BREACH OF CONTRACT</u>

32.  Plaintiff restates and adopts here as though fully set word for word and paragraph by paragraph every preceding allegation.

33. On September 8, 2011 the defendant sent plaintiff a letter, attached hereto, which has a line which reads "Your executed Home Affordable Modification Agreement", and among other things says that defendant is to make a payment of $803.99 cents on August 1. 2011 – i.e. more that 30 days before the letter was sent to defendant.

34. There is a scrawl which is next to a stamp which bears the words, Nathan Sands, Senior Manager, Servicing Transaction Management. Nothing is indicated that by this signature the defendant has executed a binding contract.

35. Since it was manifestly impossible for plaintiff to pay an amount on September 8 which was due on August 1, plaintiff called defendant's business office and spoke to one of defendant's agents. Plaintiff was told that he should make his first payment on January 1, 2012. In the meantime no action to foreclose on plaintiff's property would be taken.

36. Plaintiff did tender to defendant the required payment in January 2012.

8A6A80A43B8FC506013BD82E807D0082.ORG.DOC

Received for Filing Oakland County Clerk 2012 DEC 26 PM 12:06

Received for Filing Oakland County Clerk 2012 DEC 26 PM 12:06

37. Plaintiff was told that the payment was too late and that defendant had begun foreclosure proceedings and would not accept plaintiff's payments.

38. If there was a contract between the parties, defendant is in breach of the contract. The foreclosure in this case is part of the breach of the contract.

39. The defendant acted contrary to its contract with plaintiff and the action should be set aside, in particular the sheriff's sale should be set aside.

40. If there is not contract between the parties, the defendant's action is a fraud against the plaintiff based on promises to modify the mortgage agreement and not foreclose until the negations were completed.

41. In all these actions Meritage and Deutsche Bank cooperated, colluded and aided and abetted OCWEN in its wrongful acts.

42. In that case the acts of defendant should be set aside, in particular the sheriff's sale.

<u>QUIET TITLE.</u>
<u>THE SALE BY ADVERTISEMENT IS ILLEGAL AB INITIO</u>
<u>THE SHERIFF'S DEED SHOULD BE VOIDED</u>

43. Plaintiff restates and adopts here as though fully set word for word and paragraph by paragraph every preceding allegation.

44. The Relief sought by plaintiff is that the court order the Sheriff's deed to be canceled or otherwise voided, that the Sheriff's sale be declared void and a nullity, that the foreclosure be set aside and declared a nullity, that the Oakland Register of Deeds be ordered to enter a copy of this Court's Order voiding the Sheriff's deed, and the Sheriff's sale, that the Court order that notice be given to the purchaser of the Sheriff's deed that the sale is void ab initio, and such other relief as is necessary to accomplish the

8A6A80A43B8FC506013BD82E807D0082.ORG.DOC

Received for Filing Oakland County Clerk 2012 DEC 26 PM 12:06

purposes of voiding ab initio the proceeding attendant to and following on the illegal foreclosure by advertisement in this matter.

45. In all these actions Meritage and Deutsche Bank cooperated, colluded and aided and abetted OCWEN in its wrongful acts.

### FRAUD AND MISREPRESENTATION

46. Plaintiff restates and adopts here as though fully set word for word and paragraph by paragraph every preceding allegation.

47. For the reasons stated above the acts of defendant constitute fraud and misrepresentation.

48. The details and specific acts are set forth above.

49. In all these actions Meritage and Deutsche Bank cooperated, colluded and aided and abetted OCWEN in its wrongful acts.

### UNJUST ENRICHMENT

1. Plaintiff restates and adopts here as though fully set word for word and paragraph by paragraph every preceding allegation.

2. By the above described wrongful acts the defendants have been unjustly enriched at the expense of plaintiff

3. In all these actions Meritage and Deutsche Bank cooperated, colluded and aided and abetted OCWEN in its wrongful acts.

### CIVIL CONSPIRACY

4. Plaintiff restates and adopts here as though fully set word for word and paragraph by paragraph every preceding allegation.

5. In all these actions, as set forth above, Meritage and Deutsche Bank cooperated, colluded and aided and abetted OCWEN in its wrongful acts.

8A6A80A43B8FC506013BD82E807D0082.ORG.DOC

Received for Filing Oakland County Clerk 2012 DEC 26 PM 12:06

<u>TEMPORARY RESTRAINING ORDER (EX PARTE)</u>
<u>AND PERMANENT INJUNCTION</u>
<u>ORDER TO SHOW CAUSE</u>

6. Plaintiff restates and adopts here as though fully set word for word and paragraph by paragraph every preceding allegation.

7. This Complaint has been filed pursuant to MCL 600.3201, and is equitable in nature.

8. The period for redemption of the property by plaintiff runs out tomorrow, and there is a real danger that unless notice is given to the world of the within dispute an innocent 3rd party may become the purchaser of The Disputed Property without notice.

9. The urgency of this matter is immediate.

10. The sale of The Disputed Property to a third party, or even if the Sheriff's sale becomes final will result in irreparable harm to plaintiff. Property is unique.

11. There is no adequate remedy at law.

12. The plaintiff is likely to prevail at any trial on the merits, in light of the attached exhibit.

13. The defendant's will not be disadvantaged by a temporary restraining in comparison with the harm that will accrue to plaintiff if the sale of The Disputed Property is permitted to proceed. Such a sale cannot be recalled and though the foreclosure in this case may be declared illegal under the law, the sale will be a permanent injury to plaintiff.

14. Plaintiff asks this Honorable Court to exercise its equitable powers and order an EX PARTE temporary order, restraining defendant's from further conduct of proceedings or actions in connection with the Foreclosure By Advertisement of the Disputed Property, and enjoin conduct of any further sale of said property by any party pending further Order of this Court, and pending a hearing on its Order to Show Cause why this Court should not make the temporary restraining order permanent. And to issue an Order to

Received for Filing Oakland County Clerk 2012 DEC 26 PM 12:06

Show Cause to the parties, setting a date to be determined by the Court for a hearing on the issues connected with the temporary restraining order.

15. Plaintiff asks this court to order that all defendants who claim an interest in this property, either as mortgagees or as holders of a note for payment of an indebtedness produce proofs of the bone fides of such claims to this court, and that any claimants not joined herein by name be notified by publication of the courts order and their opportunity to make a claim to The Disputed Property.

<u>JURY DEMAND</u>

16. Plaintiff hereby demands trial by jury in the above matter.

**WHEREFORE** plaintiff prays this Honorable Court will set aside the Sheriff's sale, Sheriff's Deed, purchase at Sheriff's sale, and declare the foreclosure by advertisement in this case void ab initio. That the court order a copy of this complaint and its orders  be entered into the records of the Oakland County Register of Deeds. That the Court declare void any claims to indebtedness by plaintiff arising out of the purchase of the disputed property for which the claimant cannot produce a legally adequate purchase agreement and note.  Further that this Court set a date for a hearing for a Temporary Restraining Order, and Order to Show Cause, an Order allowing publication of notice of opportunity to make claims, and a Permanent injunction, as allowed by law, equity and good conscience. That the court enter a judgment against defendants in an amount in excess of $25,000.00 as shall be shown by the proofs entered in this matter. That plaintiff be awarded fees, costs and actual attorney fees so wrongfully incurred as allowed in this case.

8A6A80A43B8FC506013BD82E807D0082.ORG.DOC

Respectfully Submitted,

Wednesday, December 26, 2012

/s/ Richard E. Rosenberg
Richard E. Rosenberg (P33902)
Attorney for Defendant
26393 Dequindre Road
Madison Heights, MI 48071
(248) 584-4700; (248) 545-0400 fax
attyrer1776@yahoo.com

Received for Filing Oakland County Clerk 2012 DEC 26 PM 12:06

8A6A80A43B8FC506013BD82E807D0082.ORG.DOC

Received for Filing Oakland County Clerk 2012 DEC 26 PM 12:06

8A6A80A43B8FC506013BD82E807D0082.ORG.DOC

Approved, SCAO

| | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>6th JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>SO-14-2012-129651-CK |
|---|---|---|

Court address

1200 N. Telegraph Road, Pontiac, MI 48341, Judge Phyllis C. McMillen (P28180)

Court telephone no.

(248) 858-0337

| Plaintiff's name(s), address(es), and telephone no(s).<br>Philip T. Knight, Jr.<br>435 Grove<br>Clawson, MI 48017-2115<br>248-789-1376 | v | Defendant's name(s), address(es), and telephone no(s).<br>OCWEN Loan Servicing, LLC<br>1661 Worthington Road, Suite 100<br>West Palm Beach, FL 33409<br>Mortgage Electronic Registration System (MERS)<br>1818 Library Street, Suite 300; Reston VA 20190 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Richard E. Rosenberg (P33902)<br>26393 Dequindre Road<br>Madison Heights, MI 48071<br>(248)-584-4700; fax (248) 399-4133<br>attyrer1776@yahoo.com | | Deutsche Bank National Trust Co; 300 South Grand Ave.,<br>Los Angeles, CA 90071<br>Meritage Mortgage Loan Trust 2005-3; 1661 Worthington<br>Road, Suite 100, West Palm Beach, FL 33409 |

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|

*This summons is invalid unless served on or before its expiration date.

This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☑ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in Oakland County Circuit _____ Court.

The action ☐ remains ☑ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no.<br>SO-14-2012-129651-CK | Judge<br>Phyllis C. McMillen | Bar no.<br>P28180 |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>435 Grove, Clawson, MI 48017-2115 | Defendant(s) residence (include city, township, or village) |
|---|---|
| Place where action arose or business conducted<br>435 Grove, Clawson, MI 48017-2115 | |

12/23/2012

Date

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

Received for Filing Oakland County Clerk 2012 DEC 26 PM 12:06

Received for Filing Oakland County Clerk 2012 DEC 26 PM 12:06

| PROOF OF SERVICE | **SUMMONS AND COMPLAINT**<br>Case No. SO-14-2012-129651-CK |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:   (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:   (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| OCWEN Loan Servicing, LLC | CSC Lawyers Incorp. Svc, 601 Abbot Rd. East Lansing MI 48823 | |
| Mortgage Electronic Registration System | 1818 Library Street, Suite 300; Reston VA 20190 | |
| Deutsche Bank National Trust Co | 300 South Grand Ave., Los Angeles, CA 90071 | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| Meritage Mortgage Loan Trust 2005-3 | Worthington Road, Suite 100; West Palm Beach, FL 33409 | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled | Mileage fee<br>$ | Total fee<br>$ | Signature _____ |
|---|---|---|---|---|

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____

Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

# EXHIBIT

# 2

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

PHILIP T. KNIGHT, JR.,

      Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,
MERITAGE MORTGAGE LOAN TRUST 2005-3,
DEUTSCHE BANK NATIONAL TRUST COMPANY,
and MORTGAGE ELECTRONIC REGISTRATION SYSTEM,

      Defendants.

Case No. 12-129651-CK
Hon. Phyllis C. McMillen

| | |
|---|---|
| Richard E. Rosenberg (P33903)<br>Attorney for Plaintiff<br>23647 Woodward Avenue, Suite 4<br>Pleasant Ridge, MI 48069<br>(248) 584-4700 | HERTZ SCHRAM PC<br>Deborah S. Lapin (P59027)<br>Attorney for Defendants<br>1760 S. Telegraph Road, Suite 300<br>Bloomfield Hills, MI 48302<br>(248) 335-5000 |

## NOTICE OF FILING REMOVAL

    PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1441 *et seq.*, Defendant Ocwen Loan Servicing, LLC ("Ocwen"), by and through its counsel, Hertz Schram PC, filed a Notice of Removal on January 25, 2013 in the United States District Court for the Eastern District of Michigan.  A copy of the Notice of Removal is attached hereto as **Exhibit 1**.

                    Respectfully Submitted,
                    HERTZ SCHRAM PC

                    /s/ Deborah S. Lapin
                    Deborah S. Lapin (P59027)
                    Attorney for Defendants
                    1760 S. Telegraph Road, Suite 300
                    Bloomfield Hill, MI 48302
                    (248) 335-5000
                    dlapin@hertzschram.com

Dated: January 25, 2013

LAW OFFICES HERTZ SCHRAM PC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

PHILIP T. KNIGHT, JR.,

      Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,
MERITAGE MORTGAGE LOAN TRUST 2005-3,
DEUTSCHE BANK NATIONAL TRUST COMPANY,
and MORTGAGE ELECTRONIC REGISTRATION SYSTEM,

      Defendants.

Case No.
Hon.

Oakland County Circuit Court
Case No. 12-129651-CK
Hon. Phyllis C. McMillen

_____/

| | |
|---|---|
| Richard E. Rosenberg (P33903)<br>Attorney for Plaintiff<br>23647 Woodward Avenue, Suite 4<br>Pleasant Ridge, MI  48069<br>(248) 584-4700 | HERTZ SCHRAM PC<br>Deborah S. Lapin (P59027)<br>Attorney for Defendants<br>1760 S. Telegraph Road, Suite 300<br>Bloomfield Hills, MI  48302<br>(248) 335-5000 |

_____/

*(vertical text in left margin)* LAW OFFICES HERTZ SCHRAM PC

## **PROOF OF SERVICE**

On January 25, 2013, the undersigned served a copy of a Notice of Filing Removal, Notice of Removal and Proof of Service upon the following party by enclosing it in a sealed envelope with first class postage fully prepaid, and depositing it in the United States mail addressed to:

Richard E. Rosenberg, Esq.
23647 Woodward Avenue
Suite 4
Pleasant Ridge, MI  48069

/s/ Deborah A. Cripps
Deborah A. Cripps, Legal Assistant